W. P. DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9436.   Promulgated May 10, 1927.

A decline in the value of stock does not give rise to a deductible loss.

*J. G. Schurz, C. P. A.,* for the petitioner.
*J. L. Deveney, Esq.,* for the respondent.

The Commissioner determined a deficiency of $621.95 for the calendar year 1924. Petitioner claims that at the end of 1924 the value

of 200 shares of the capital stock of the Cross Mountain Coal Co. which he owned, and for which he had theretofore paid $12,880, was not in excess of $15 a share and that he was therefore entitled to a deduction of $9,880 as a loss sustained within the taxable year.

### FINDINGS OF FACT.

Petitioner is a resident of Knoxville, Tenn. In 1917 and 1918 he purchased a total of 200 shares of the capital stock of the Cross Mountain Coal Co., a Tennessee corporation, for $12,880. The total outstanding capital stock of the Coal Company during the year 1924 was 5,000 shares of the par value of $500,000. On July 31, 1924, the Coal Company sold all of its assets for $75,000, of which $10,000 was paid in cash and $65,000 by interest-bearing promissory notes falling due over a period of years. The corporation was not at the end of 1924 and has not since been dissolved. No distribution in complete or partial liquidation of the capital stock has been made. Prior to the sale of its assets the corporation was engaged in mining and selling coal.

At December 31, 1924, the Cross Mountain Coal Co. had a net worth in excess of $73,000 as shown by its books and for the year 1925 it had a net income of $2,957. The net worth of the company at the close of the year 1925 was in excess of $74,000. At the close of the calendar year 1924 there were certain contingent liabilities not shown upon the books consisting of a claim by the Commissioner of Internal Revenue for taxes for prior years in an amount determined by him to be approximately $65,000 and other minor claims for breach of contracts and attorneys' fees.

The determination of the Commissioner of additional income and profits tax for 1922 and prior years was duly appealed to this Board and such proceeding was decided favorably to the Cross Mountain Coal Co. in an opinion reported in 2 B. T. A. 587. The Commissioner did not wholly acquiesce in the Board's decision and now claims an additional tax for 1922 and prior years in the amount of $12,390.43. The Commissioner denied the loss claimed by the petitioner through the decline in the value of the stock owned by him in the Cross Mountain Coal Co. and determined a deficiency of $621.95 for the calendar year 1924.

### OPINION.

LITTLETON: Petitioner's claim of a loss in 1924 is based upon the decline in the value of stock owned by him in the Cross Mountain Coal Co. The corporation has not to this date been dissolved nor has any distribution been made by it to its stockholders in liquidation; so far as appears from the evidence the corporation may con-

tinue in existence indefinitely and again actively engage in carrying on a business. Petitioner has continuously owned his stock since the date of its purchase in 1917 and 1918. Its value may have fluctuated much since that time but the decline in value of the property does not give rise to a deductible loss under the statute any more than does the increase of the market value of the property owned give rise to taxable income. The evidence does not show and the petitioner does not claim that the stock was worthless at the end of 1924. Until it is clearly shown that stock owned in a corporation which is still in existence and has assets is in fact worthless and there is no probability that any portion of the investment will ever be recovered, no deductible loss under the statute has been sustained. See *Appeal of E. O. Walgren*, 4 B. T. A. 1066; *J. J. Melick* v. *Commissioner*, 6 B. T. A. 70; *Appeal of George C. Ryder*, 2 B. T. A. 1060. The term " losses sustained " conveys the idea of a final termination of a transaction in connection with which the investment was made and the loss claimed. See *New York Life Insurance Co.* v. *Edwards*, 271 U. S. 109. See *Corn Exchange Bank* v. *Commissioner*, 6 B. T. A. 158. We think the Commissioner correctly denied the deduction claimed.

*Judgment will be entered for the respondent.*