WILLIAM E. METZGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35169.    Promulgated January 20, 1931.

*J. H. Amick, C. P. A.*, for the petitioner.
*Ralph S. Scott, Esq.*, for the respondent.

1272

OPINION.

MATTHEWS: To be entitled to a deduction for a loss in a specified year in the amount of the purchase price of stock owned by him a taxpayer must prove that the stock became worthless in that year. Until it is clearly shown that there is no probability that any portion of the investment will ever be recovered, no deductible loss under the statute has been sustained. *W. P. Davis*, 6 B. T. A. 1267.

It is apparent from the facts found that the loss sustained by petitioner on account of his investment in the corporate stock of the Columbia Motors Co. was not incurred in 1924. Although bankruptcy proceedings were begun in that year, there was under consideration a plan to reorganize the corporation. There was also being considered the advisability of instituting proceedings to establish a large claim against the directors of the company. The principal

assets of the company had not been liquidated in 1924 and it can not be said that the stock was valueless in that year.

Subsequent to December 31, 1924, it was decided not to proceed against the directors of the corporation and the plan for reorganization was abandoned. The vice president of the Security Trust Co., trustee in bankruptcy for the Columbia Motors Co., who was in direct charge of the affairs of the bankrupt corporation, testified that in his opinion there was a possibility of reorganizing the company up until February, 1925, when its major assets were sold. He stated that he had had a great deal of experience in handling bankrupt and receivership cases and that often a company which has been adjudicated a bankrupt makes a composition with its creditors and continues in business but that, generally, when the home of the bankrupt company is disposed of and its place for doing business is gone its life is ended.

The record is silent as to the amount realized from the sale of the assets of the company. Certain personal property was sold in October, 1924, but the real estate and the buildings were not sold until in February, 1925. There is nothing in the record to indicate that the stockholders, since 1925, have had any hope of receiving any return upon their investment. It has not been shown that the receivership has ever been terminated. The petitioner, who was a vice president of the Columbia Motors Co., testified that the creditors received about 15 per cent. Counsel for the respondent has stated in his brief that a liquidating dividend of 15 per cent was eventually paid to the stockholders, but reference to the testimony relied upon in support of that statement shows that it was the *creditors* who received a 15 per cent dividend and not the *stockholders*.

Although it does not relieve the petitioner of the burden of proving that the stock became worthless in 1925, it may be noted that the respondent has allowed the loss in question for the year 1924 on the theory that the investment was determined to be worthless in that year. No deficiency was asserted for 1924 and the petitioner's tax liability for that year is not before us.

We have found that there was no probability of reorganizing the Columbia Motors Co. after the sale of the company's plant in February, 1925. Although there is no evidence with respect to the company's total liabilities in that year we believe it is apparent that they far exceeded the amount realized from the sale of its assets and that the company was hopelessly insolvent in 1925. As stated above, a plan for the reorganization of the corporation had been under consideration, but after it was decided not to institute proceedings against the directors and the company's plant was sold, the stockholders had no reasonable grounds to believe that they would realize anything on their investment. The stock was worthless at the

close of 1925 and the cost thereof should be deducted from petitioner's gross income for that year. *Gilbert H. Pearsall*, 10 B. T. A. 467; *Oscar K. Eysenbach*, 10 B. T. A. 716; *Royal Packing Co.* v. *Commissioner*, 22 Fed. (2d) 536.

*Judgment will be entered for the petitioner.*