J. H. Cooper Enterprises, Inc. v. Commissioner. Joseph H. Cooper Estate, Transferee, Austin C. Keough, Executor v. Commissioner.
J. H. Cooper Enterprises, Inc. v. Commissioner
Docket Nos. 34319, 34320.
United States Tax Court
1953 Tax Ct. Memo LEXIS 225; 12 T.C.M. (CCH) 629; T.C.M. (RIA) 53196; June 3, 1953
J. Lee Rankin, Esq., for the petitioners. Marvin E. Hagen, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency of $26,865.65 in the income tax of J. H. Cooper Enterprises, Inc., for the fiscal year ended June 30, 1948. He also determined that Joseph H. Cooper Estate was a transferee of the assets of J. H. Cooper Enterprises, Inc., and as such was liable *226 for the foregoing deficiency. The only issue presented is whether 1,100 shares of stock owned by J. H. Cooper Enterprises, Inc., sometimes hereafter called Cooper Enterprises, became worthless in the fiscal year ended June 30, 1948. Joseph H. Cooper Estate concedes its liability as transferee if Cooper Enterprises is found to be liable for the deficiency. Findings of Fact Cooper Enterprises is a Nebraska corporation and has its principal place of business in Lincoln, Nebraska. It filed its original income tax return and two amended returns for the fiscal year ended June 30, 1948, with the collector of internal revenue at Omaha, Nebraska. In its second amended return it reported a capital loss of $107,645.84 sustained on 1,100 shares of stock of J. W. Cooper Corporation, hereinafter called the Cooper Corporation, acquired in 1944 with a basis of $110,000. The Cooper Corporation was incorporated in 1920 under the laws of Delaware. Its principal asset was an approximately 76 per cent interest in a tract of 880 acres of land situated near Millbrook, New York. This property was divided into a number of farms. The improvements consisted of one main house, which was completely furnished, *227 three other houses and several barns. In addition, the Cooper Corporation owned farm machinery and equipment and several automobiles. Prior to his death on March 20, 1946, Joseph H. Cooper was the sole stockholder of Cooper Enterprises, the principal stockholder of Criterion Building Company, and the owner, directly or indirectly, of all of the shares of stock of the Cooper Corporation. After his death the shares of stock in those companies were owned by his estate. The balance sheet of the Cooper Corporation as shown on its income tax return for the calendar year ended December 31, 1946, is as follows: ASSETS
Cash
($ 1,080.94) *
Notes and accounts receivable
$ 39,740.42
Less: Reserve for bad debts
0.00
39,740.42
Capital assets: Depreciable assets (itemize)
382,718.64
Total depreciable assets
382,718.64
Less: Reserve for depreciation
30,963.53
351,755.11
Land
30,431.54
Total assets
$420,846.13
LIABILITIES
Accounts payable
$ 45,000.00
Other liabilities - N. Y. income tax
90.58
Capital stock: Common stock
426,500.00
Earned surplus and undivided profits
( 50,744.45) *
Total liabilities
$420,846.13
*228 Joseph H. Cooper had planned to have a portion of the Millbrook property improved for resale as a semi-suburban residential development and to have another portion of the land, which was located along a stream, improved as a resort with swimming and fishing facilities. After Joseph H. Cooper's death the officers of the Cooper Corporation attempted to carry out his plan but were forced to abandon their efforts because of litigation involving title to the property. In the latter part of 1946, the widow of Joseph H. Cooper, from whom he had been separated for a great many years prior to his death, filed a suit against his estate, claiming title to all of the real estate and personal property at Millbrook. On October 27, 1947, the Surrogate's Court of Dutchess County, New York, entered its decision and decree in favor of the estate. The widow took an appeal from the decision of the Surrogate's Court to the Appellate Division of the Second Department of the State of New York. On June 8, 1948, the Appellate Division affirmed the decision of the Surrogate's Court. Thereafter the widow moved for leave to appeal to the Court of Appeals. This motion was denied in the fall of 1948 and thereupon *229 the Appellate Division's decision became final. The attorney's fee in connection with the defense of the law suit was paid by the Estate of Joseph H. Cooper. During the time the widow's suit was pending the attorney for the estate, Arthur F. Driscoll, was contacted by George T. Whalen, a general insurance agent and real estate broker in Millbrook. Whalen told Driscoll on December 7, 1947, that he had a purchaser for the property who was willing to pay a purchase price of $50,000. The offer was rejected as being too low. Whalen later offered $65,000, but this too was rejected. In March 1948 an offer of $75,000 was made by Whalen and this was considered by the officers, who were also the directors of Cooper Corporation, by Driscoll and by the executor of the estate. At a conference held by them, they decided to accept the offer as being the fair value of the property. They had received the opinions of several real estate men to the effect that $75,000 was a fair price for the property. By a resolution dated March 11, 1948, the directors of the Cooper Corporation authorized Driscoll to place the property on the market for sale. Since the litigation between the Estate of Joseph H. Cooper *230 and his widow was still pending, it was necessary to obtain the consent of the widow in order for any prospective purchaser to receive a clear title. She refused to consent. Her refusal to consent prevented sale and no further efforts were made to sell the property until after the final disposition of the litigation. The board of directors of the Cooper Corporation had decided on April 8, 1948, to dissolve the corporation. Dissolution could not be carried out because of the pending suit. The Millbrook property was sold in December 1948 for $81,000. As of June 30, 1948, the value of the real property at Millbrook was at least $75,000. In November 1947 the personal property in the main residence at Millbrook was appraised at $14,568 by C. Allerton Morey, an appraiser recognized by the Surrogate's Court of Dutchess County, New York. Thereafter, prior to June 30, 1948, an offer of $11,000 was rejected as being too low. The value of the personal property on June 30, 1948, was $14,568. The furniture and furnishings of the main house were later sold at an auction sale for about $13,000. The Cooper Corporation owned about 75 per cent of the furniture. Some of the furniture and furnishings *231 were owned by Joseph W. Cooper, The Cooper Foundation and the widow of Joseph H. Cooper. The Cooper Corporation's share of the net proceeds from the sale of furniture and furnishings was $10,977.06. There was a cleaning and storage lien of $1,794.77 against the rugs. After reducing the appraised value of the personal property by the 25 per cent interest owned by the other parties and the amount of the lien for the rugs, the value of Cooper Corporation's share of the property is established at $9,131.23. The Cooper Corporation also had an account receivable from Joseph H. Cooper in the amount of $1,563.23 and an account receivable from Francis Ryan, who had purchased hay, machinery and certain equipment, in the amount of $4,191.50. The Cooper Corporation had accounts payable to the Criterion Building Company in the amount of $25,000 and to Cooper Enterprises in the amount of $20,000. The Cooper Corporation also owed the Estate of Joseph H. Cooper $16,021.32 for funds advanced by the estate to pay the current expenses of the Cooper Corporation. In addition, the Cooper Corporation had accrued liabilities of $1,824.54 for current taxes, salaries and utilities. If the Cooper Corporation *232 had sold the land and personal property during its taxable year 1948 it would have incurred a broker's commission of 7 1/2 per cent on its share of the estimated selling price of $75,000 for the Millbrook land, or $4,275, and an auctioneer's fee on the sale of the personalty of 22 1/2 per cent of its share of the proceeds of $10,926, or $2,458.35. The following is a statement of the assets of the Cooper Corporation at their fair market value and its liabilities on June 30, 1948: ASSETS
Land and improvements
$57,000.00
Personal property
9,131.23
Accounts receivable - Joseph H. Cooper
1,563.23
Accounts receivable - Francis Ryan
4,191.50
Total assets
$71,885.96
LIABILITIES
Accounts payable - Criterion Building
$25,000.00
Accounts payable - J. H. Cooper Enterprises, Inc.
20,000.00
Accounts payable - J. H. Cooper Executor
16,021.32
Miscellaneous accounts payable
1,824.54
Broker's fee
4,275.00
Auctioneer's fee
2,458.35
Attorney's fee - Dissolution
250.00
Total liabilities
$69,829.21
Net asset value
$ 2,056.75
In Cooper Enterprises' second amended income tax return, the 1,100 shares of stock in Cooper Corporation were valued on its balance *233 sheet for the fiscal year ended June 30, 1948, at $2,345.16. During the fiscal year ended June 30, 1948, Cooper Enterprises' 1,100 shares of stock in Cooper Corporation did not become worthless. Opinion The petitioner Cooper Enterprises contends that the 1,100 shares of stock in Cooper Corporation became worthless during the fiscal year ended June 30, 1948, and it is entitled to a deductible capital loss under section 23 (g), Internal Revenue Code. [1] The respondent's deficiency notice stated: "The loss claimed on the amended return * * * has been determined to be a capital loss in the year ended June 30, 1949, no part of which is deductible in the fiscal year ended June 30, 1948." *234 Respondent argues that the stock did not become worthless in the fiscal year ended June 30, 1948, because the identifiable events which established the loss were the sale of the properties of the Cooper Corporation and its liquidation, and that these events occurred during the fiscal year ended June 30, 1949. Petitioners in their brief present the following balance sheet to show the worthlessness of the stock: "Balance Sheet for June 30, 1948
ASSETS
Accounts receivable
$ 1,563.23
Cash receivable
3,515.38
Land and improvements
57,000.00
Personal property
9,131.23
Total assets
$ 71,209.84
LIABILITIES
Accounts payable - Criterion
Building
$ 25,000.00
Accounts payable - J. H. Cooper
Enterprises
$ 20,000.00
Accounts payable - J. H. Cooper
Executor
16,021.32
Miscellaneous payable
1,824.54
Broker's fee
4,275.00
Auctioneer's fee
3,277.80
Attorney's fee - Law suit
2,500.00
Attorney's fee - Dissolution
250.00
Capital stock
426,500.00
Deficit - 428,438.02
Total liabilities
$ 71,209.84"
A comparison of our findings with petitioners' statement discloses several differences. We have increased the cash receiable, which is the amount *235 due from Francis Ryan. Ryan had purchased some machinery, equipment and hay from Cooper Corporation and had also sold fuel oil to Joseph H. Cooper, personally, and to the estate. Since these items sold by Ryan to Joseph H. Cooper and the estate were not liabilities of the Cooper Corporation, they should not be offset against the amount owing for machinery, hay and equipment. The next item in which there is a discrepancy is the auctioneer's fee for selling the personalty. Cooper Corporation has taken 22 1/2 per cent of the total amount of the appraisal of $14,568. Since 25 per cent of this personalty was owned by other parties than the Cooper Corporation, the other parties should bear the proportionate share of the auctioneer's fee. We have computed the Cooper Corporation's share on a 75 per cent basis. We have not found the $2,500 attorney's fee paid to contest the widow's suit against the estate to be a liability of Cooper Corporation. The record shows that the widow sued the estate. We do not see why the Cooper Corporation should be liable for the fee. Our conclusion is sustained by the fact that the Estate of Joseph H. Cooper paid the attorney's fee. In order to prevail it *236 was incumbent on the petitioner Cooper Enterprises to show that the stock of Cooper Corporation was worthless on June 30, 1948. The issue is one of fact. Royal Packing Co. v. Commissioner, 22 Fed. (2d) 536; Charles O. Middleton, 25 B.T.A. 484. Until it is shown that no recovery on the stock was probable, no deductible loss has been sustained. W. P. Davis, 6 B.T.A. 1267; William E. Metzger, 21 B.T.A. 1271. Decline in value of the stock is not sufficient. Daniel J. Ryan, 19 B.T.A. 52; see Reg. 111, sec. 29.23 (e) (4). Our findings disclose that the Cooper Corporation's assets on June 30, 1948, were substantially in excess of its liabilities. Accordingly, we have found as a fact that the stock did not become worthless during the petitioner's fiscal year 1948. Cf. Sterling Morton, 38 B.T.A. 1270, 1278. Decisions will be entered for the respondent. Footnotes
*. Minus shown by parentheses.↩
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(g) Capital Losses. - (1) Limitation. - Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117. (2) Securities Becoming Worthless. - If any securities (as defined in paragraph (3) of this subsection) become worthless during the taxable year and are capital assets, the loss resulting therefrom shall, for the purposes of this chapter, be considered as a loss from the sale or exchange, on the last day of such taxable year, of capital assets. (3) Definition of Securities. - As used in this paragraph (2) of subsection the term "securities" means (A) shares of stock in a corporation, and (B) rights to subscribe for or to receive such shares. * * *↩